IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:11-CR-00147-F-1
No. 7:15-CV-00179-F

| | |
|---|---|
| RONALD EUGENE BURRELL,<br>                 Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>                 Respondent. | ORDER |

This matter is before the court on Ronald Eugene Burrell's Emergency Motion to Reduce Sentence and Provide Other Equitable Relief Pursuant to 28 U.S.C. § 2255 [DE-37]. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons more fully stated below, Burrell's Emergency Motion to Reduce Sentence and Provide Other Equitable Relief Pursuant to 28 U.S.C. § 2255 is DENIED.

### I. Factual and Procedural Background

On November 14, 2011, Burrell was charged in a Criminal Information with conspiracy to commit fraud against the Government, in violation of 18 U.S.C. § 371. *See* Criminal Information [DE-1].

Burrell's arraignment was held on January 3, 2012. At that time, Burrell pled guilty to the Criminal Information pursuant to a written plea agreement [DE-9].

On January 16, 2013, the court held Burrell's sentencing hearing. Burrell was sentenced to sixty months' imprisonment. *See* Judgment [DE-33].

Burrell arrived at Low Security Correctional Institution in Butner, North Carolina ("LSCI

Butner") on January 13, 2014. *See* Declaration of Cornelia Coll [DE-43-1] ¶ 4. On April 4, 2015, Burrell submitted a request to be considered for a reduction in his sentence due to his medical condition. *Id.* ¶ 5. Butner's Reduction in Sentence Committee met to review Burrell's request on April 15, 2015, and did not recommend a reduction in sentence. *Id.* ¶ 6. LSCI Warden Stephanie Hollembaek chose not to follow the recommendation of Butner's Reduction in Sentence Committee and approved Burrell's request on May 8, 2015. *Id.* ¶ 7.

On June 19, 2015, after Burrell's release plan was reviewed by the United State Probation Office for the Eastern District of North Carolina, Warden Hollembaek's office forwarded her recommendation to the Bureau of Prisons' ("BOP") Assistant Director and General Counsel, Kathleen Kenney. *Id.* ¶ 8. On August 5, 2015, Kenney denied Burrell's request after consulting with the Assistant Director for the Health Services Division of the BOP. *Id.* ¶ 9; Memorandum from BOP General Counsel Kathleen Kenney dated August 5, 2015 [DE-43-2] at 1. According to Kenney, Burrell has been diagnosed with stage IV metastatic prostrate cancer. Memorandum from BOP General Counsel Kathleen Kenney dated August 5, 2015 [DE-43-2] at 1. Burrell's condition has improved, and his life expectancy is indeterminate. *Id.* Kenney concluded that Burrell did not meet the criteria for a reduction in his sentence at this time. *Id.*

On July 27, 2015, Burrell filed his Emergency Motion to Reduce Sentence and Provide Other Equitable Relief Pursuant to 28 U.S.C. § 2255 [DE-37], seeking an order modifying his sentence to time-served and, pending a ruling on the merits, for an order of immediate conditional release. Burrell's Emergency Motion [DE-37] at 1. Burrell seeks to challenge the BOP's decision not to move the sentencing court for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). *Id.* at 2-4. Burrell argues that the BOP's actions violate the separation of

2

powers and constitute a violation of the Eighth Amendment's protection against cruel and unusual punishment. *Id.* at 2-10.

The Government filed its Response in Opposition [DE-43] on August 7, 2015, arguing that Burrell's motion must be denied because the court is without the authority to grant the relief requested. Gov's Response [DE-43] at 1. Specifically, the Government contends that the BOP's decision not to make a motion for a sentence reduction pursuant to § 3582(c)(1)(A)(i) is not subject to judicial review. *Id.* at 2.

## II. Discussion

**This court lacks jurisdiction to review the BOP's decision to deny Burrell's request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).**

"The court may not modify a term of imprisonment once it has been imposed" except in three specific instances. 18 U.S.C. § 3582(c). The instance applicable to this case provides as follows: "the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that" there are "extraordinary and compelling reasons [that] warrant such a reduction." *Id.* § 3582(c)(1)(A)(i). A reduction in sentence under § 3582(c)(1)(A) is often referred to as "compassionate release." 28 C.F.R. § 571.60.

The regulations which implement release pursuant to § 3582(c)(1)(A) are found at 28 C.F.R. § 571, subpart G. According to the regulations, the applicable federal statutes are employed "in particularly extraordinary or compelling circumstances which could not have been

3

foreseen by the court at the time of sentencing." *Id.* A request for a motion under § 3582(c)(1)(A) comes in the form of a written request from the inmate to the Warden at his institution. *Id.* § 571.61(a). The request shall, at a minimum, contain the "extraordinary or compelling circumstances that the inmate believes warrant consideration" and "[p]roposed release plans," including information on where the inmate will receive medical treatment and how he will pay for it, if the basis for the request involves the inmate's health. *Id.* Following review of the request by the Warden, if the Warden determines that the request should be approved, the matter is referred with a recommendation to the Office of General Counsel. *Id.* § 571.62(a)(1). If the General Counsel determines that the request warrants approval, the matter shall be referred to Director of the BOP for final decision. *Id.* § 571.62(a)(2).

If the Warden denies an inmate's request, the inmate will receive written notice and a statement of reasons. 28 C.F.R. § 571.63(a). The inmate can appeal the denial through the Administrative Remedy Procedure. *Id.* If an inmate's request is denied by the General Counsel, the inmate will get written notice and a statement of reasons. *Id.* § 571.63(b). The General Counsel's denial constitutes a final administrative decision. *Id.* When an inmate's request is denied by the Director of the BOP, the inmate shall get written notice and a statement of reasons. *Id.* § 571.63(c). A denial from the Director is a final administrative decision. *Id.* A denial by the General Counsel or Director of the BOP are final administrative decisions, so an inmate may not appeal his denial through the Administrative Remedy Procedure. 28 C.F.R. § 571.63(d).

As set forth in BOP Program Statement 5050.49, *Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g)* (Aug. 12, 2013), the BOP will consider requests for a reduction in sentence where an inmate suffers from a

4

terminal medical condition or a debilitated medical condition. In pertinent part, BOP Program

Statement 5050.49 provides as follows:

> The criteria for a reduction in sentence (RIS) request may include the following:
>
> a. **Terminal Medical Condition**. RIS consideration may be given to inmates who have been diagnosed with a terminal, incurable disease and whose life expectancy is eighteen (18) months or less. The BOP's consideration should include assessment of the primary (terminal) disease, prognosis, impact of other serious medical conditions of the inmate, and degree of functional impairment (if any). Functional impairment (e.g., limitations on activities of daily living such as feeding and dressing oneself) is not required for inmates diagnosed with terminal medical conditions; however, functional impairment may be a factor when considering the inmate's ability to inability to reoffend.
>
> b. **Debilitated Medical Condition**. RIS consideration may also be given to inmates who have an incurable, progressive illness or who have suffered a debilitating injury from which they will not recover. The BOP should consider a RIS if the inmate is:
>
> - Completely disabled, meaning the inmate cannot carry on any self-care and is totally confined to a bed or chair; or
> - Capable of only limited self-care and is confined to a bed or chair more than 50% of waking hours.

BOP Program Statement 5050.49, *Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g)* (Aug. 12, 2013) at 3.

In this case, the BOP was within its discretion to deny Burrell's request for a sentence reduction because he does not meet the criteria for the reduction. As noted, Burrell's condition has improved, and his life expectancy is indeterminate at this time. *See* Memorandum from BOP General Counsel Kathleen Kenney dated August 5, 2015 [DE-43-2] at 1. The BOP's decision to deny Burrell's request for compassionate release is not reviewable by this court. *See Crowe v. United States*, 430 Fed. App'x 484, 485 (6th Cir. 2011) (holding that a "federal court lacks authority to review a decision by the BOP to not seek a compassionate release for an inmate

5

under § 3582(c)(1)(A)(i)"); *Fernandez v. United States*, 941 F.2d 1488, 1493 (11th Cir. 1991) (holding that the BOP's decision whether to seek a compassionate release under the predecessor to § 3582(c)(1)(A)(i) was unreviewable); *Simmons v. Christensen*, 894 F.2d 1041, 1043 (9th Cir. 1990) (holding that the BOP's decision whether to seek a compassionate release under the predecessor to § 3582(c)(1)(A)(i) was unreviewable); *Turner v. U.S. Parole Comm'n*, 810 F.2d 612, 615 (7th Cir. 1987) (holding that the BOP's decision whether to seek a compassionate release under the predecessor to § 3582(c)(1)(A)(i) was unreviewable); *see also Engle v. United States*, 26 Fed. App'x 394, 397 (6th Cir. 2001) (holding that the district court lacked "jurisdiction to *sua sponte* grant compassionate release" and that "[a] district court may not modify a defendant's federal sentence based upon the defendant's ill health, except upon a motion from the Director of the Bureau of Prisons").

Burrell's argument that the BOP's failure to notify this sentencing court of "extraordinary and compelling circumstances," specifically his current medical condition, constitutes a violation of the separation of powers by "usurping the judicial role in sentencing" lacks merit. As noted, "[t]he court may not modify a term of imprisonment once it has been imposed" except in three instances: (1) upon motion from the Director of the BOP, (2) pursuant to Rule 35 of the Federal Rules of Criminal Procedure, and (3) when a defendant has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission. 18 U.S.C. § 3582(c). As the Government points out, nothing in the statute requires the BOP to notify the sentencing court of each case in which a federal inmate becomes ill. Gov's Response [DE-43] at 8.

The court is sympathetic to Burrell's situation. However, this court lacks the jurisdiction

6

to either review the BOP's decision or grant a reduction in Burrell's sentence.

### III. Conclusion

For the foregoing reasons, Burrell's Emergency Motion to Reduce Sentence and Provide Other Equitable Relief Pursuant to 28 U.S.C. § 2255 [DE-37] is DENIED. The court has reviewed the arguments raised, and in light of the applicable standard, a certificate of appealability is DENIED.

SO ORDERED.

This 21 day of August 2015.

                                           JAMES C. FOX
                                           SENIOR UNITED STATES DISTRICT JUDGE

7

Case 7:11-cr-00147-F   Document 44   Filed 08/21/15   Page 7 of 7